OSCO, INC., Appellant–Defendant,

v.

## ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Appellee–Plaintiff.

No. 46A03–9503–CV–95.

Court of Appeals of Indiana.

Oct. 25, 1995.

Laurence A. McHugh, Joseph R. Fullenkamp, Kimberly D. Finlaw, Barnes & Thornburg, Indianapolis, for appellant.

John C. Hamilton, Doran, Blackmond, Ready Hamilton & Williams, South Bend, Stephen M. Kelley, Timothy J. Clarke, Donald J. Parthum, Jr., Kelley, Casey, & Clarke, P.C., Grosse Pointe Woods, Michigan, for appellees.

## OPINION

ROBERTSON, Judge.

Osco Inc., a business engaged in hauling waste oil, became liable for pollution damage/environmental contamination to two Superfund sites under the Comprehensive Environmental Response Compensation and Liability Act [CERCLA]. Osco's insurer, the

St. Paul Fire and Marine Insurance Company, initiated the present declaratory judgment action arguing Osco's claim was excluded under the pollution exclusions of the insurance policies in question.

The trial court entered judgment in favor of St. Paul on the issue of its duty to indemnify Osco for its CERCLA liability, and Osco appeals. The trial court entered judgment in favor of Osco on the issue of St. Paul's duty to defend Osco in the CERCLA matter and St. Paul appeals.

We affirm the judgment in favor of St. Paul on the issue of the duty to indemnify. We reverse the judgment in favor of Osco on the issue of the duty to defend and reverse and remand with instructions that the trial court enter judgment in favor of St. Paul.

## FACTS

The operative facts are not disputed. Osco became obligated to pay damages under CERCLA with respect to environmental contamination at two Superfund sites for its part in hauling waste oil to these sites over the years. Both Superfund sites had been contaminated by the storage of waste oil in unlined lagoons and other storage methods that permitted the release of hazardous waste into the environment over a period of years.

Over the relevant years, Osco had had several insurance policies issued by St. Paul. Several of the policies involved in the present case had a standard pollution exclusion clause which read as follows:

This insurance does not apply:

\* \* \* \* \* \*

to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalies, toxic chemicals, liquids, contaminants or pollutants into or on land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is *sudden* and accidental.

(Emphasis added). One policy had the following exclusion:

Pollution. We won't cover injury or damage caused by the discharge, dispersal, release or escape of pollutants such as . . . .

This exclusion won't apply to *sudden* accidents involving pollutants.

(Emphasis added).

St. Paul refused to defend or indemnify Osco for the CERCLA liability and initiated the present declaratory judgment action. The matter was submitted to the trial court on cross motions for summary judgment. As noted above, the trial court entered judgment in favor of St. Paul on the issue of indemnification and entered judgment in favor of Osco on the issue of the duty to defend. Both parties have appealed (or cross-appealed) the respective judgments entered against them.

## DECISION

■ Osco urges that the pollution exclusion does not operate because the term "sudden" does not involve a temporal element (does not mean "quick") and simply means an "unexpected" loss. Osco points out that some jurisdictions have adopted this interpretation and urge us to implement this interpretation.

However, the parties agree that Tennessee law governs the interpretation of the insurance policies in question. As such, the case of *United States Fidelity & Guaranty Company v. Murray Ohio Manufacturing Company* (M.D.Tenn.1988), 693 F.Supp. 617, *affirmed* 875 F.2d 868 (6th Cir.1989), guides our decision in the present case.[1] The *Murray* court held that, with respect to the type of standard pollution exclusions involved in the present case, the term "sudden" combines both the idea of "unexpected" and the idea of "quick." *Id.* at 621. The *Murray* court declined to read the temporal connotation out of the term "sudden" that it possesses in its everyday use. *Id.* Accordingly, the *Murray* court held that the pollution exclusion operated such that the insurance company had neither the duty to indemnify or

---

1.   Indiana law requires the same result. *Seymour Manufacturing Company, Inc. v. Commercial Un-* *ion Insurance Company* (1995), Ind.App., 648 N.E.2d 1214, 1219–20, *trans. pending.*

defend the company faced with CERCLA liability for environmental contamination that had taken place over a period of years. *Id.* at 623.

 Osco argues that it is covered under some of the St. Paul policies due to a "broadening endorsement" that provides coverage for personal injury claims due to wrongful entry or eviction, or other invasion of the right of private occupancy. We disagree. The pollution damage involved in the present case is not the type of personal injury covered under the endorsement and, in any event, the pollution exclusion of the policies in question nevertheless operates to deny coverage for the type of pollution damage involved in the present case. *See Titan Corporation v. Aetna Casualty and Surety Company* (1994), 22 Cal.App.4th 457, 27 Cal. Rptr.2d 476 (Pollution damage does not equate to personal injury an occupier of land might suffer when his right of occupancy was disturbed; such interpretation would negate the pollution exclusion); *Accord O'Brien Energy Systems v. American Employers' Insurance Company* (1993), 427 Pa.Super. 456, 629 A.2d 957, *appeal denied; Gregory v. Tennessee Gas Pipeline Company* (5th Cir. 1991), 948 F.2d 203; *American Universal Insurance Company v. Whitewood Custom Treaters, Inc.* (D.S.D.1989), 707 F.Supp. 1140 (pollution exclusion carries over into the endorsement providing "personal injury" liability coverage).

## CONCLUSION

The pollution damage at the Superfund sites involved in the present case was caused by the storage of waste oil in unlined lagoons and other areas which permitted the oil to contaminate the environment over a period of years. Accordingly, the pollution exclusions of the St. Paul policies operate and St. Paul has neither the duty to defend nor indemnify Osco with respect to the CERCLA claims involved in the present case. Therefore, we affirm the judgment of the trial court with respect to the issue of the duty to indemnify. We reverse the judgment with respect to the issue of the duty to defend and reverse and

remand with instructions that the trial court enter judgment in favor of St. Paul.

BAKER and KIRSCH, JJ., concur.